Ouria, per

Earle, J.
The. question of postponement, was addressed entirely to the sound discretion of the Commissioner, as, in like cases, before other judicial tribunals. It was very proper, in disposing of it, that he should consider the interest and convenience of the jury, and others, required to attend this extraordinary court, and to refuse the motion, except upon the most satisfactory shewing. It seems to us, that the mode adopted of supplying the testimony of the absent witnesses, ought to have been sufficient to obviate the objection here, as a ground of new trial. We will not review the decision of the Commissioner on that point. He was, likewise, clearly right, in not allowing the plaintiff to add other grounds of objection to the defendant’s schedule, after the issue was made up, and the parties had met-for trial. If new issues were allowed to be tendered in that way, the proceeding would be interminable, for it could never be known when the case is ready to go to the jury. Besides, the defendant, after preparing to meet the objections filed, would sudden *54 ly be called on to meet others, which must result in doing him injustice, or produce protracted delay. We approve of the rule adopted by the Commissioner, to confine the plaintiff to the grounds of objection, filed in writing, at the time the jury was ordered to be empannelled. The Commissioner was also right, in refusing to the plaintiff’s counsel, permission to read the notes of the first examination of the defendant. There is no point of view, in which they can be regarded as competent evidence, for any purpose. The plaintiff had the right, and used it, (under the Act of 1836,) to examine the defendant, on oath, touching the matters in controversy. He had, likewise, the right to prove before the jury, that the defendant had sworn differently before the Commissioner; but this should have been done in the same inode that is used in other courts, by calling a witness to testify what the defendant had formerly sworn; any by-stander, or the Commissioner himself, would suffice. But the notes taken by the Commissioner, were no more evidence than the notes of any other Judge. He was not required to reduce the examination to writing; and the notes, taken for his own satisfaction, have neither the authenticity of a record, nor the sanction of an oath. The whole proceeding before the jury was, de novo, not a continuation; and if the facts, stated by the defendant on the first examination, were to be regarded as proof for the plaintiff, the jury' were entitled to hear them from the mouth of the party. If they were intended to contradict, or discredit him, they should have had the sanction of an oath when rehearsed to the jury. The notes were incom-petént as evidence, and could only be used by the consent of both parties. Motion refused.
Dawkins, for the motion.
Herndon, contra.
B. J. EARLE.
We concur. J. S. Richareson, J. B. 0’Neal.l, J. J. Evans, A. P. Butler.